## McLAREN and others vs. KEHLOR.

*Reversal of order letting in defendant to answer after judgment by default.*

An order of the circuit court opening a judgment by default, and letting in defendant to answer, is reversed on the ground that the affidavits filed by him are so evasive as to compel a conviction that the only ground suggested for the application (viz., his failure to receive a copy of the complaint in season), is untrue in fact.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon a money demand on contract. The complaint was verified. The summons was served August 14, 1865, by leaving a copy with defendant's wife at his last place of abode in this state. On the 2d of September, James G. Jenkins, Esq., served on plaintiffs' attorneys a notice of retainer for defendant, and a demand for a copy of the complaint; and the complaint was served on him on the 22d of that month. Afterwards the time for answering was extended by agreement of the attorneys, until about the close of the year. On the 16th of February, 1866, the plaintiffs took judgment as upon a default. In February, 1867, the defendant, by his attorney, moved to set aside the judgment and for leave to answer, basing the motion on his own affidavit, that of his attorney, and the proposed verified answer. *

---

* There was a question as to the authority of the person whose name was attached to the jurat in defendant's affidavit and verification; but the question became unimportant here.—REP.

The answer is, in substance, a general denial and a counter-claim.    The defendant's affidavit states that he does not, and at the time of the rendition of the judgment did not, owe the plaintiff anything; that plaintiffs then were and still are indebted to him $858, as stated in his answer; that affiant left Milwaukee county in this state permanently, in April, 1865, with the intention of making his home in the south, and has not been in this state since the commencement of this action, but has been and still is a resident of the city of New Orleans in the state of Louisiana, doing business there; that he has not had any residence, domicile, or place of abode in Racine county since November, 1864, and his last residence in this state was in Milwaukee county, in April, 1865; that he had no notice of the pendency of this action until October 31st, 1865, and then only received the information by letter from a friend addressed to him at New Orleans; and that if he is allowed to file an answer, he verily believes that on a fair trial he can not only defeat plaintiffs' action, but recover a judgment against them.    The affidavit of defendant's attorney states that affiant believes that defendant has fully and fairly stated the case in this action to him, and he believes defendant has a good and valid defense upon the merits; that as affiant is informed and believes, the summons was served at the residence of defendant's father-in-law, and that it was sent by some friend of defendant to the affiant, who had for a long time been defendant's attorney; that affiant did not at the time know that the defendant had abandoned his residence in Wisconsin, but supposed he had only gone to New Orleans upon a business trip; that thereupon affiant appeared for defendant, etc.; that on the 11th of October, 1865, affiant obtained an allowance of twenty days to answer, and within that time drew and mailed to defendant at New Orleans an answer, the facts constituting his defense being

known to affiant from consultation with defendant as early as April, 1865; that affiant is informed by defendant that he never received said answer to be verified; that soon after the entry of the judgment, affiant again wrote to a brother of defendant in this state, informing him thereof, and he promised to write to defendant of the fact, but affiant does not know whether he did so; that defendant informs affiant that he did not know of the entry of the judgment until suit was commenced thereon in New Orleans in the fall of 1866, when he wrote to affiant making inquiries in regard to the matter; and that affiant would not have appeared for defendant if he had known that he was not a resident of the state, etc. A counter-affidavit was filed by the plaintiff *McLaren*, the contents of which need not be stated. The circuit court made an order " that the defendant have leave to file his answer on payment of $10 costs, and that the judgment now entered remain and abide the event." From this order plaintiffs appealed.

*Jno. W. & A. L. Cary*, for appellants.

*Jenkins & Elliott*, for respondent.

PAINE, J. The ground attempted to be shown for letting the defendant in to answer, was that he did not receive the answer forwarded to him by his attorney for verification, before judgment. If he did receive that answer, it seems obvious that no ground whatever is shown, because there is no pretense of any other mistake, surprise or excusable neglect. We think from the affidavits that he did receive the answer in time to have returned it and had a trial on the merits before any judgment was taken, if he desired to do so.

The affidavits are evasive. It appears from the officer's return and affidavit, that the summons was served by leaving it with the defendant's wife. The attorney who

appeared for him, says, in his affidavit, that the summons was sent to him " *by some friend of the defendant*," without disclosing who that friend was. It is fairly to be inferred from this that it was sent by the defendant's wife. The attorney also swears that the defendant " informed him that he never received the answer" which the attorney had sent to him for verification at New Orleans. But the affidavit of the defendant was also produced, and it is most significant that it contains no denial of having received the answer, but on the contrary contains an admission from which we can entertain no doubt that he did receive it. He says he had no notice of the action until late in October, 1865, " and then only received the information *by letter from a friend* addressed to him at New Orleans, Louisiana." It appears elsewhere that the answer was forwarded to him in October, 1865. And it seems clear from his careful evasion of any denial that he received it, and of disclosing who the " friend" was that took such an interest in his suit, that he did receive the letter of his attorney containing that answer.

That being so, if he wantonly disregarded the suit, he shows no case of surprise, mistake or excusable neglect, and nothing therefore which could appeal to the discretion of the court below. And we are therefore compelled to hold that it was an abuse of discretion to let him in to answer.

It requires a strong case for us to overrule an order of this kind. The statute upon the subject is broad and liberal, and should be administered in a liberal spirit for the promotion of justice. But where an application for such an order is so evasive as to compel a conviction that the only ground for granting it, which is suggested at all, is untrue in fact, we think no case is presented for an exercise of the discretion of the court.

*By the Court.*—The order is reversed, with costs.