SEYMOUR VS. THE BOARD OF SUPERVISORS OF CHIPPEWA COUNTY.

*(1, 2) Vacating judgment at subsequent term.   (3, 4) Vacating judgment taken upon default.*

1. The circuit court has no power to vacate a judgment at a subsequent term, on the ground that the action was against the board of supervisors of a county, and the original prayer was for judgment against the county, and the original judgment was in that form, but was amended so as to run against the supervisors.  On appeal, therefore, from an order refusing, at a subsequent term, to vacate such judgment, it is immaterial whether the court had ever allowed an amendment of the complaint and judgment in the particular mentioned, or whether such amendment, if allowed, was regular, or not.

2. The granting or refusing of an order to vacate a judgment at a subsequent term, on the grounds named in sec. 38, ch. 125, R. S., is within the sound *discretion* of the trial court; and this court will not interfere with such discretion, except in a strong case.

3. Where the judgment is taken in default of an answer, the trial court has a right to know the *specific* grounds of defense relied upon, before vacating it to let in an answer at a subsequent term; and the failure of the motion papers in this case to give the court such information would justify its refusal to vacate the judgment.

4. It does not appear on what grounds the trial court refused to vacate the judgment here in question; and this court would hesitate to say, upon the record, that there would have been any abuse of discretion in refusing on the ground that defendant *had not satisfactorily excused its default.*

APPEAL from the Circuit Court for *Chippewa* County.

This is an action upon a large number of county orders, in the usual form, purporting to have been issued by the authority of the defendant board of supervisors.  The com-

plaint states a separate cause of action on each order in favor of the plaintiff, and is verified. The defendant failed to answer within the time prescribed by law, or to appear in the action, and judgment by default was rendered for the full amount of plaintiff's claim. It appears from the record that the demand in the original complaint was for a judgment " against the defendant, the said county of Chippewa," and that in the first instance the judgment was rendered against said county. A motion was made by the plaintiff, after judgment, for leave to amend both the prayer for relief and the judgment by inserting therein the words " the board of supervisors of," before " Chippewa county." It does not appear whether or not the motion was granted, but the judgment was so amended.

At a subsequent term the defendant moved the court to vacate the judgment, and for leave to defend the action. The motion was founded -upon a proposed answer, an affidavit of merits in the usual form, and certain affidavits in which the failure to appear. and answer is sought to be excused. Such answer is merely a general denial of about one-fourth of the causes of action stated in the complaint, and an admission of the residue thereof.

From an order denying that motion, the defendant appealed.

The cause was submitted for the appellant on the brief of *Bingham & Jenkins* and *J. S. Carr*, district attorney, who argued that the action should have been brought against the board of supervisors (Tay. Stats., 295, § 21); and that, even assuming the judgment to have been amended by order of the court, so as to be against the supervisors, it is irregular and cannot stand, because the complaint does not demand judgment against the board, but against " the county of Chippewa." The complaint has never been amended; nor could it be effectually amended without service of a copy upon the defendant. Service of summons upon a party by a wrong

name gives the court no jurisdiction over his person; nor can jurisdiction be acquired by amendment after service. 1 Wait's Pr., 473; 3 id., 729, sec. 1, and 730, sec. 2; *Hoffman v. Fish*, 18 Abb. Pr., 76; *Cole v. Hindson*, 6 Term, 234; *Griswold v. Sedgwick*, 6 Cow., 456. When the defendant fails to appear, the court has no power to grant an amendment of the process or pleadings. 1 Wait's Pr., 473. If plaintiff had a right to amend the judgment without amending the complaint, still the amendment should be made by appending the order therefor to the roll, as well as entering it in the proper book, and by referring in the margin of the entry of judgment, to the amendment, as made by an order of such a date; and the original judgment should not be erased or obliterated. 4 Wait's Pr., 672, sec. 5; 2 Bosw., 673. The amended judgment in this case was not entered at length, but was manufactured from the original judgment by obliterating and erasing parts thereof. 2. The affidavits read for the plaintiff sufficiently excuse its failure to answer within the time limited by law. *Johnson v. Eldred*, 13 Wis., 482; *Butler v. Mitchell*, 15 id., 355. 3. The proposed answer contains a general denial of all the allegations of the complaint not specifically admitted. Except as to such admitted facts, the general denial puts in issue every fact alleged, expressly or impliedly; every fact which the plaintiff must prove in order to make out his case. *Prindle v. Caruthers*, 15 N. Y., 425; *Benedict v. Seymour*, 6 How. Pr., 298; Van Santv. Pl. (2d ed.), 407.

The brief filed for the respondent is signed by *Wheeler & Marshall*, and the oral argument was by *R. D. Marshall*. It was argued for the respondent, that the defendant had not sufficiently excused its default; and that it was within the sound legal discretion of the trial court, spoken of in *Johnson v. Eldred*, 13 Wis., 482, to refuse to open the judgment where the proposed answer failed to disclose any definite ground of defense.

Seymour vs. The Board of Supervisors of Chippewa County.

LYON, J.   It is quite immaterial to the determination of this appeal whether the circuit court granted the plaintiff's motion to amend the complaint and judgment, or not, or whether such amendment, if allowed, is regular or irregular, because, as this court has repeatedly held, the circuit court had no power to disturb the judgment at a subsequent term for any such cause.   The only power which the circuit court had over the judgment, when the motion to set it aside was made, is given in sec. 38, ch. 125, R. S.; and unless the defendant brought itself within that statute, the motion was properly denied.

The granting or denying of the order appealed from was a matter within the sound discretion of the circuit court; and, as was said by Mr. Justice PAINE in *McLaren v. Kehlor*, 22 Wis., 300, "it requires a strong case for this court to overrule an order of this kind."   In the case before us, none of the motion papers gave the court the slightest information as to the specific nature of the defense to the causes of action denied in the proposed answer.   All that the court could know from those papers was, that the defendant denied the liability of the county on some of the orders in suit; that the learned attorneys for the defendants, after having been fully and fairly informed of the case and defense, advised the proper county officer that such defense was a good, valid and substantial one; and that such officer believed the advice to be correct.   The court was called upon to exercise a discretionary power in favor of the defendant; and it was entitled to know the specific grounds of defense relied upon, before granting the relief prayed.   It is believed that the courts were so informed in all of the cases in which relief of the kind here sought has been granted.   See *Johnson v. Eldred*, 13 Wis., 482; *Butler v. Mitchell*, 15 id., 355; *Stafford v. McMillan*, 25 id., 566.   We cannot say, under the circumstances, that the denial of the motion in this case to vacate the judgment, was an abuse of discretion.

It does not appear on what grounds the circuit court denied the motion.  It may have been denied on the ground that the defendant did not show that its failure to appear and answer was the result of "mistake, inadvertence, surprise, or excusable neglect."  If the ruling went upon that ground alone, we should hesitate to say that the denial of the motion was an abuse of discretion; for we greatly doubt whether the defendant has satisfactorily excused its *laches* in the premises.

*By the Court.* — Order affirmed.