BLACK and another, Respondents, vs. HURLBUT, Administrator, etc., Appellant.

*November 16 — December 4, 1888.*

*(1) Practice: Setting aside judgment after the term. (2) Estates of decedents: Liability of administrator for money stolen.*

1. Under sec. 2832, R. S., the circuit court may, at a subsequent term within one year, relieve a party from a judgment against him through his surprise or excusable neglect.
2. An administrator who retains money of the estate in his hands long after the time limited by law for the settlement of the estate, is liable for it if stolen.

APPEAL from the Circuit Court for *Waukesha* County.

The case is stated in the opinion. The affidavit therein referred to, upon which the respondents based their motion to set aside the decision of the circuit court reversing the order of the county court, and to reinstate the appeal in the circuit court, was made by one of the respondents' attorneys, and was to the effect that the said attorneys, a Milwaukee firm, requested the clerk of the circuit court by letter, when they sent the notice of trial to him to be filed, "to notify them when the appeal was liable to be reached, in time for one of them to go to Waukesha and attend the trial for said respondents; that the clerk answered their said letter to the effect that the notice of trial had been received and filed, and making no objection to notifying them when the case was liable to be reached, as requested; that this correspondence was had a short time before the commencement of the term; that the affiant's firm depended upon the clerk to notify them as aforesaid, and that they did not receive from him any notice or information whatever relative to said appeal during said term, which was not formally adjourned until the latter part of July." The affidavit then continues as follows:

" Affiant is informed and believes that the clerk of this court was prevented from notifying the respondents' attorneys when said appeal was liable to be reached, by the assurance of said administrator, given in open court, that the matter of said appeal was about to be settled and that consequently said appeal would not be for trial, until the very last day of the term, when the said administrator called up said appeal and, in the absence of the attorneys for the respondents or any of them, and after it was too late to notify them so that they could be present, demanded a reversal of the order and judgment of the county court appealed from, under some rule or practice of this court, and that an order or direction to that effect was then verbally announced by Hon. A. Scott Sloan, the presiding judge of this court; that said Judge Sloan, being afterwards advised of the foregoing facts, refused to sign a written order for the reversal of said order and judgment appealed from, and the matter now rests upon said verbal order or direction, and the memorandum thereof, if any was made by the clerk in his minutes.

" Affiant further saith that he has been informed and verily believes that some proposition looking to a settlement was made to the respondent *John Black*, and by him peremptorily rejected, and that no proposal of settlement was ever made to the respondent *Christian Baumann* or his attorneys.

" Affiant further saith that this appeal has been regularly noticed for trial at the August special term of this court, 1886, and that nothing stands in the way of such trial except the foregoing proceedings."   .   .   .

For the appellant there was a brief by *Edwin Hurlbut*, in person, and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine*. They contended, *inter alia*, that the court had no power to open or set aside its judgment after the term, except the power given by statute. The

case made fails to show excusable neglect to be present when the appeal was reached for trial. No excuse for relief under sec. 2832, R. S., was shown, and the granting of the motion for a new trial was an abuse of the discretion vested in the court by that section. To the point that an administrator is bound to employ only such prudence and diligence in the care and management of the estate or property as in general men of discretion and intelligence employ in their own like affairs, they cited *Williams v. Williams*, 55 Wis. 304; *McCabe v. Fowler*, 84 N. Y. 314, 318; *Fudge v. Durn*, 51 Mo. 264; *Whitney v. Peddicord*, 63 Ill. 249; *Noble v. Jones*, 35 Tex. 692; *Finlay v. Merriman*, 39 id. 56; *Thompson v. Brown*, 4 Johns. Ch. 619; *Furman v. Coe*, 1 Caines' Cases, 96, 106; *State ex rel. Townshend v. Meagher*, 44 Mo. 356; *Stevens v. Gage*, 55 N. H. 175; *Carpenter v. Carpenter*, 12 R. I. 544; *Job v. Job*, 23 Eng. Rep. 164; *Litchfield v. White*, 7 N. Y. 444; 2 Story's Eq. Jur. sec. 1272.

For the respondents there was a brief by *Rietbrock & Halsey*, and oral argument by *L. W. Halsey*. They argued, among other things, that the granting or denying the motion to reinstate the appeal was a matter within the sound discretion of the circuit court, and it requires a strong case for this court to overrule an order of this kind. *McLaren v. Kehlor*, 22 Wis. 300; *Seymour v. Chippewa Co.* 40 id. 62; *Lampson v. Bowen*, 41 id. 484; *Kalckhoff v. Zoehrlaut*, 43 id. 373; *McKnight v. Livingston*, 46 id. 356; *Whitney v. Karner*, 44 id. 563. The loss complained of could not have occurred if the administrator had settled the estate within the time required by law. 1 Perry on Trusts, secs. 407, 443–446; *Williams v. Williams*, 55 Wis. 304; R. S. secs. 3849, 3850. If the assets were lost or stolen, it was through the negligence of the administrator, and he is liable. *Cornwell v. Dick*, 8 Hun, 122; *Chambersburg S. F. Association's Appeal*, 76 Pa. St. 203; *Litchfield v. White*, 7 N. Y. 438;

*Sheerin v. Public Adm'r,* 2 Redf. 421; *Whitney v. Peddi-cord,* 63 Ill. 249; *Carpenter v. Carpenter,* 12 R. I. 544. An executor or administrator is bound to bring to the management and closing of an estate the same care and diligence which a prudent man would exercise under like circumstances. The liability of the administrator for the loss of the estate is not wholly dependent on the question of whether he acted in good faith. *Spaulding v. Wakefield's Estate,* 53 Vt. 660; *Re Macdonald,* 4 Redf. 321; *Wood v. Myrick,* 17 Minn. 408; *Knott v. Cottee,* 16 Beav. 80; *State ex rel. Townshend v. Meagher,* 44 Mo. 356; *Fudge v. Durn,* 51 id. 264; *Tracy v. Wood,* 3 Mason, 132; *Doorman v. Jenkins,* 2 A. & E. 256; Shearm. & Redf. on Neg. sec. 21. The burden of showing care was upon the administrator. *Darling v. Younker,* 37 Ohio St. 487, 41 Am. Rep. 532; Ewell's Evans' Agency, 327.

ORTON, J. The appellant was appointed administrator with the will annexed of the estate of Dennis Ryan, deceased, March 15, 1870. The county court, upon the application of the respondents as creditors of said estate, on September 5, 1882, made an order requiring the appellant to file an itemized account of his receipts and disbursements as such administrator, on or before the 19th day of said month, and he filed said account April 30, 1883, and the respondents filed their objections to the same February 12, 1884. The appellant afterwards filed his final account as follows: Debit: Personal property claimed by the widow, $61.50; received from sale of pine timber (from certain pine lands in Waupaca county), $800, making $861.50. Credit: Property claimed by widow, $61.50; cash paid to widow, $190; cash as expense of last sickness, $56.50; cash paid as expense of administration, $123.19; making in all $431.19; leaving a balance in his hands of $430.31. With said account the appellant filed a petition stating, in short, that

one George B. Farner, between October, 1871, and November, 1873, stole $600 of the funds of said estate, and that he used due care to protect it, and prayed that he might be credited with the loss thereof in his account.  On March 11. 1884, the county court disallowed said claim, and declared the appellant chargeable with the balance of said estate of $430.31, and on December 6, 1884, ordered and directed him to pay to the respondents, as creditors of said estate, said amount by a *pro rata* dividend to each of $68.84.  From this last order an appeal was taken to the circuit court. At the May term [1886] of said court the appeal was reached for trial, and, no one appearing for the respondents, the court orally reversed the order of the county court, but no judgment was entered to that effect.  At the subsequent term the court set aside such decision, and reinstated said appeal, and finally, after trial and on hearing the evidence, affirmed the order or judgment of the county court, and from such judgment this appeal is taken.

The first point made by the learned counsel of the appellant is that the circuit court could not set aside its first decision at a subsequent term.  It might be a sufficient answer that no judgment was entered, and the decision only was announced, but the court had ample power by the statute (sec. 2832, R. S.) to relieve the respondents from such decision, on account of their excusable neglect and surprise, which were shown by affidavit.  *McLaren v. Kehlor*, 22 Wis. 300; *Seymour v. Chippewa Co.* 40 Wis. 62; *Lampson v. Bowen*, 41 Wis. 484; *Whitney v. Karner*, 44 Wis. 563; *McKnight v. Livingston*, 46 Wis. 356.

The only other question is on the merits.  The circuit court must have found that the appellant did not use due care to protect said moneys from loss by theft, for we will not assume, in the absence of any written findings of the particular facts, that the court found that the money was not stolen.  It is unnecessary to review the evidence, which

consisted entirely of the testimony of the appellant; for one fact which appears in the record is sufficient to charge the appellant with the loss, and that is that the moneys ought to have been paid to the creditors of the estate long before the time when it is claimed they were stolen. That neglect is not excused or palliated. It was inexcusable negligence that he retained the money in his custody where it could be stolen. If the estate had been settled and the money paid out to the creditors within the time required by law, the loss would not have occurred. Secs. 3849, 3850, R. S.; 1 Perry on Trusts, §§ 407, 443; *Williams v. Williams*, 55 Wis. 304; and other authorities cited in the brief of respondents' counsel.

*By the Court.*— The judgment of the circuit court is affirmed.