SIEBERT, Appellant, vs. JACOB DUDENHOEFER COMPANY, Respondent.

*May 10—October 10, 1922.*

*Negligence: Notice of injury: Condition precedent: When time begins to run: Day of injury: Time: How computed: Judgment: Vacation: Discretion of court.*

1. Service of notice in writing, "within two years after the happening of the event" causing a personal injury, upon the person or corporation claimed to have caused the same, as required by sub. (5), sec. 4222, Stats. 1919, is a condition precedent to an action for damages sustained.

2. Such limitation of the time for service begins on the day of the happening of the injury, the last day being excluded in the computation.

3. Where a limitation of time is to be computed from a certain date the day of the date is excluded, and where the computation is from a certain event the day of the event is included.

4. Sub. (24), sec. 4971, Stats., providing that "the time within which an act is to be done as provided in any statute, when expressed in days, shall be computed by excluding the first day and including the last," creates an exception to the general rule, and clearly implies that in computing a limitation expressed in weeks, months, or years the first day shall be included.

5. A motion to set aside a judgment, under sec. 2832, Stats., permitting a judgment to be vacated for mistake, inadvertence, surprise, or excusable neglect of the aggrieved party, is addressed to the discretion of the court.

6. Where, in an action for personal injury, defendant's answer pleaded plaintiff's failure to comply with sub. (5), sec. 4222, Stats., and plaintiff failed to apply for leave to amend his complaint until after it was dismissed, there was no surprise, inadvertence, or excusable neglect under sec. 2832.

7. Where the complaint in an action for personal injury alleged a date upon which the notice of injury was served, and the complaint was dismissed because service on the date alleged was too late, plaintiff's motion to vacate the judgment in defendant's favor for mistake was properly denied in the court's discretion, plaintiff's effort to fix such date within the two years being based on mere speculation.

8. A complaint for personal injury alleged to have been caused by drinking a poisonous liquid sold as whisky cannot be held to state a cause of action for damages for breach of contract so that no notice of injury was necessary.

APPEAL from a judgment and an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.   *Affirmed.*

This case comes to this court on an appeal from a judgment dismissing the plaintiff's complaint because it appears on the face thereof and from the proof of service of the summons and complaint that the notice required by sub. (5), sec. 4222, Stats., had not been served within due time. The plaintiff also appeals from an order in and by which an application of the plaintiff to vacate the judgment of dismissal was denied.

In substance the complaint, which was served on March 24, 1920, among other things alleges that the plaintiff on or about June 6, 1916, applied to the defendant, engaged at that time in the retail liquor business in the city of Milwaukee, for the purchase of a quantity of whisky, and that the defendant negligently delivered to the plaintiff, in place of such whisky, a poisonous liquid which the plaintiff, believing the article so sold to be whisky, drank, and as the result thereof sustained severe personal injury.

The complaint also alleges: "That before the commencement of this action and within two years from the date of said injury, to wit, on the 6th day of June, 1918, the plaintiff caused to be served upon the defendant a written notice stating *the time* and place where such damage and injury occurred," etc.

The defendant in its answer specifically denied that a notice as required by sub..(5), sec. 4222, Stats., was served within the time required in such statute, and such answer also contained other defenses which are not necessary or material in the consideration of the issues involved herein.

When the case was reached for trial and after the plaintiff had been duly sworn as a witness in his own behalf, defendant's counsel interposed a demurrer *ore tenus* to the complaint, upon the ground that it appeared from such com-

plaint that the notice required by the provisions of sub. (5), sec. 4222, Stats., had not been timely served. Such objection to the introduction of evidence was sustained by the court, whereupon plaintiff's counsel requested leave to offer in evidence the notice of injury served in the case, which request was granted, and thereupon the court, after the introduction of such evidence, entered an order dismissing the plaintiff's complaint for failure to serve the notice referred to, as required by said statute, and judgment was thereupon entered accordingly.

The notice introduced was in the usual form, was dated June 6, 1918, and was served on that day, and specifically alleged that the injuries complained of were sustained on the 6th day of June, 1916.

After the entry of judgment plaintiff's counsel moved to set aside the judgment, basing the motion upon the affidavit of the plaintiff, which among other things averred that the injury occurred on or about the 6th day of June, 1916, and that he was convinced in his own mind that in reality the poisonous substance causing the injury was sold later than June 6, 1916, and between the 7th and the 10th of June, 1916. In his affidavit, however, plaintiff did not refer to any incident, event, memorandum, or circumstance which might have had a tendency to refresh his recollection.

In reply to this affidavit defendant's counsel presented his own affidavit, in which among other things he referred to and set forth a number of statements made by the plaintiff in his adverse examination under sec. 4096, Stats., in which he reiterated that the injuries occurred on the 6th day of June, 1916, and in only one of which statements did he fix the time of the injuries as having been on or about June 6th. Upon the hearing of such motion the trial court entered an order denying the same.

*F. J. Walthers* of Milwaukee, for the appellant.

For the respondent there was a brief by *Quarles, Spence*

*& Quarles,* attorneys, and *Arthur B. Doe, Ira S. Lorenz,* and *George E. Farmer,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

The following opinon was filed June 6, 1922:

DOERFLER, J.    Appellant assigns as errors: (1) the sustaining of defendant's demurrer *ore tenus;* and (2) the refusal of the trial court to vacate the judgment of dismissal.

Sub. (5), sec. 4222, Stats., among other things provides:

"No action to recover damages for an injury to the person shall be maintained unless, *within two years after the happening of the event* causing such damages, notice in writing . . . shall be served upon the person or corporation by whom it is claimed such damage was caused."

It has been held by this court that service of the notice provided for in sub. (5), sec. 4222, Stats., is a condition precedent to the maintenance of any action to recover damages for an injury to the person. *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051.

In order, therefore, to comply with said section of the statutes, inasmuch as the action itself was not commenced within the two-year period, it must appear that the notice referred to was served within two years after the happening of the event causing the damages.  By referring to the complaint it will appear that it is alleged that the notice of injury was served within two years from the date of the injury.    The limitation began the moment the cause of action accrued, which date was the day of the happening of the injury.·   The rule is well established on an issue of limitation where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, and where the computation is from a certain event the date of that event must be included.   *McCulloch v. Hooper,* 7 N. J. Law Jour. 336; *Presbrey v. Williams,*

15 Mass. 193; *Aultman & Taylor Co. v. Syme,* 163 N. Y. 54, 57 N. E. 168.

Sub. (24), sec. 4971, Stats., reads as follows:

"The time within which an act is to be done as provided in any statute, when expressed in days, shall be computed by excluding the first day and including the last."

This statute evidently creates an exception to the general rule, applicable only where the time limited is expressed in days, and clearly implies that where the limitation is expressed in weeks, months, or years the first day is included in the computation.

What is said in *Aultman & Taylor Co. v. Syme,* 163 N. Y. 54, 57 N. E. 168, is strictly applicable here:

"Had the legislature intended to apply that method to periods of years, it could have disposed of the whole subject in a single sentence by saying that the day from which any specified period of time is to be reckoned shall be excluded from the reckoning. But it did not say that. The silence of the statute in this regard is therefore significant of the legislative intent to exclude from its operation other periods than those enumerated."

In the notice of injury introduced in evidence specific reference is made to the fact that the injury occurred on the 6th day of June, 1916. The notice itself was served on the 6th day of June, 1918. The complaint alleged: "That before the commencement of this action and within two years from the date of said injury, to wit, on the 6th day of June, 1918, the plaintiff caused to be served upon the defendant a written notice stating the *time* and place where said damage and injury occurred," etc. Applying the rule of computation as above referred to in the authorities, the day of the happening of the injury must be included in the computation, and therefore the statutory time within which the notice could be served expired on the 5th day of June, 1918.

It therefore appears conclusively that the condition precedent to the maintenance of the action, as required by sub. (5), sec. 4222, Stats., has not been complied with, and that the notice in question was not timely.

No application to amend the complaint before the dismissal of the action was made by the plaintiff, and had a proper showing upon such application been made the same would undoubtedly have been granted.

Plaintiff also assigns as error the refusal of the trial court to vacate its judgment of dismissal, based upon plaintiff's motion and affidavit above referred to, and relies on sec. 2832, Stats., under and pursuant to which such judgment may be vacated when entered through the mistake, inadvertence, surprise, or excusable neglect of the aggrieved party. The motion under this section is addressed to the discretion of the court. *Kalckhoff v. Zoehrlaut,* 43 Wis. 373; *Seymour v. Chippewa Co.* 40 Wis. 62.

Defendant in its answer expressly pleaded that the plaintiff failed to comply with the provisions of sub. (5), sec. 4222, Stats.   Thus plaintiff's attention was expressly directed to the very point in issue, but no application was made to amend the complaint, and in fact such application was not made even after the demurrer *ore tenus* had been sustained and before the order was made and entered dismissing plaintiff's complaint.   So that plaintiff certainly cannot rely upon any claim of surprise, inadvertence, or excusable neglect.

The only other cause for the vacation of the judgment is for mistake.   The application on that ground must be considered in connection with the allegations in the affidavit. To support this contention it is not averred that the plaintiff has since the dismissal of the action discovered an incident, event, or circumstance which has enabled him to refresh his mind, or which has aided him in fixing the date of the happening of the injury, but in that regard he merely alleges that he is convinced in his own mind that the poisonous

substance was sold to him on a day later than the 6th day of June, 1916, without even specifying a date.   In other words, the plaintiff's effort to fix a specific date is based merely upon speculation.

We therefore conclude that the plaintiff has not brought himself properly under the provisions of sec. 2832, Stats., in order to entitle him to relief, and that the ruling of the trial court in exercising its discretion cannot be disturbed.

On the oral argument plaintiff's counsel suggested to the court that the complaint might be held sufficient as stating a cause of action for damages for breach of contract, and that in taking such view of the case no notice as is provided in sub. (5), sec. 4222, Stats., was necessary.   That such contention cannot be maintained is decided in *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051.

The order and judgment of the circuit court are therefore affirmed.

*By the Court.*—It·is so ordered.


A motion for a rehearing was denied, with $25 costs, on October 10, 1922.