HALE, Respondent, vs. HALE and another, Appellants.

*March 5—April 9, 1957.*

For the appellants there was a brief by *Giffin & Simarski* of Milwaukee, and oral argument by *Edward J. Simarski*.

For the respondent there was a brief by *Lowry & Hunter*, attorneys, and *Willis J. Zick* of counsel, all of Waukesha, and oral argument by *Mr. Zick*.

CURRIE, J.  The issue on this appeal is how the two-year period is to be computed which is prescribed by sec. 330.19 (5), Stats., for either giving written notice of injury or serving the complaint, where the cause of action is one to recover for personal injuries. If the day on which the accident occurred is to be excluded, but the day on which the complaint was served is to be counted, then the service of the complaint in the instant case was timely.

The provisions of sec. 990.001 (4) (a) and (d), Stats. 1955, control and are decisive of this appeal. These two paragraphs provide as follows:

"(a) The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

"(d) Regardless of whether the time limited in any statute for the taking of any proceeding or the doing of an act is measured from an event or from the date or day on which such event occurs, the day on which such event took place shall be excluded in the computation of such time."

The defendants contend that our decision in *Siebert v. Jacob Dudenhoefer Co.* (1922), 178 Wis. 191, 188 N. W. 610, requires that we reverse the trial court. However, that case was decided prior to the adoption by the legislature of any statute for computing time expressed in years. Therefore, in that case the common-law rule was applied under which the day of the event is counted and not excluded. On this point, see *Pick Industries v. Gebhard-Berghammer* (1953), 264 Wis. 353, 356, 59 N. W. (2d) 798, 60 N. W. (2d) 254. Because of the enactment of the statutes quoted above, *Siebert v. Jacob Dudenhoefer Co., supra,* is no longer of any value as a precedent on the issue of how to compute the two-year period prescribed by sec. 330.19 (5), Stats.

*By the Court.*—Order affirmed.