CUISINIER, Plaintiff-Respondent, v. SATTLER, M.D., Defendant-Appellant.

Supreme Court

*No. 76–444. Submitted on briefs March 28, 1979.—*
*Decided May 1, 1979.*
(Also reported in 277 N.W.2d 776.)

For the appellant the cause was submitted on the briefs of *Joseph A. Bradley* and *Law Offices of Richard J. Palmersheim* of Milwaukee.

For the respondent the cause was submitted on the brief of *George W. Curtis* and *Curtis, MacKenzie & Haase, S.C.,* of Oshkosh.

HEFFERNAN, J.  The only question presented on this appeal is whether, when a period of limitations would otherwise expire on a legal holiday, sec. 990.001(4)(b), Stats., operates to permit the commencement of the action on the next secular day.  We conclude that it does.

In this case Mary Catherine Cuisinier brought a complaint alleging that, in the course of a surgical procedure, Dr. Marvin E. Sattler, on July 5, 1973, negligently severed certain nerves in her neck. The action was commenced with the filing of a summons and complaint on July 6, 1976. The parties agree that ordinarily the last day for filing the complaint within the period of limitations set by sec. 893.205(1), Stats.,[1] would be July 5, 1976. The record shows, however, that July 4, Independence Day, fell on a Sunday in 1976 and that, under sec. 256.17, 1975 Stats., Monday, July 5, 1976, was a legal holiday. In accordance with the legislative directive of sec. 990.001(4)(b), in the circumstances we conclude that the three-year period of limitations expired on July 6, 1976. The filing of the summons and complaint on that date was within the period of limitations. The order denying the motion to dismiss is therefore affirmed.

Secs. 893.01 and 893.205, Stats., provide that a civil action for personal injury must be commenced within three years. Under the statutes, in the absence of legislative directive to the contrary, the last date on which a summons and complaint could have been filed was July 5, 1976, a legal holiday. The legislature, however, has specifically provided for a different computation of time which is applicable in the circumstances of this case. Sec. 990.001(4)(b) states:

---

[1] "893.205 **Within 3 years.** Within 3 years:

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955, unless notice in writing as provided in s. 330.19(5), 1955 statutes, was served prior to July 1, 1959, in which event s. 330.19(5), 1955 statutes, shall apply. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action is barred by any statute of limitations of actions of the state or country in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state."

"990.001 **Construction of laws; rules for.** In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

" . . .

"(b) If the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day."

The effect of this statute is to determine the method of computing the time within which an act must be done when the time period ends on a Sunday or legal holiday. This statute is not inconsistent with sec. 893.48, Stats.[2] Sec. 990.001(4)(b) specifically deals with the special situation when the time period ends on a Sunday or legal holiday. The legislature has, pursuant to the terms of sec. 893.48, "specially prescribed by law" a different method of computation in the circumstances that occurred in this case. Sec. 990.001(4)(b) accomplishes the manifest intent of the legislature, because it assures that a person with a claim will have a full three-year period in which to assert that claim by commencement of an action.

The relevance of sec. 990.001, Stats., and its subsections to computations of periods of limitation was settled in *Hale v. Hale,* 275 Wis. 369, 82 N.W.2d 305 (1957). Subsecs. (a) and (d) of sec. 990.001(4) were the focus of this court's attention in *Hale.* The rationale of *Hale* is equally applicable to the instant case, however, because

---

[2] "Sec. 893.48 **Computation of time, basis for.** The periods of limitation, unless otherwise specially prescribed by law, must be computed from the time of the accruing of the right to relief by action, special proceedings, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or special proceeding, except that as to a defense, set-off or counterclaim the time of the commencement of the plaintiff's action shall be deemed the time when the claim for relief as to such defense, set-off or counterclaim is interposed."

*Hale* squarely held that the provisions of sec. 990.001 expressed the legislative intent with respect to how a period of limitations was to be computed.

Under sec. 990.001(4)(a), Stats., the last date on which the plaintiff, Mary Catherine Cuisinier, was ordinarily required to file her action was July 5. Because that day was a legal holiday, her cause of action could be commenced, within the period of limitations, as provided by sec. 990.001(4)(b), on the next secular day, July 6, 1976. The action was commenced on that date, and the court properly denied the defendant's motion to dismiss.

Although the trial court, in issuing its order, stated "that justice would be subverted" if the motion to dismiss were granted, we do not conclude that the court was stating an intention to extend the statute of limitations in the "interest of justice." A statute of limitations is statutory; and when the period of limitation expires in accordance with the legislative directive, the right of action is extinguished and no court may extend that period. The record shows that the court in the instant case carefully considered the statutory provisions and concluded that the legislature had indicated that the limitation period did not expire until the first secular day following July 5, 1976.

Although justice was served by the order, the court had the authority which it exercised because of the legislative directive that, when "the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day." It was the legislature and not the court which determined that the period of limitations would expire not on a Sunday or legal holiday but on the first secular day after the three-year period would ordinarily have run.

*By the Court.*—Order affirmed.