Nancy J. PUFAHL, Plaintiff-Appellant,

v.

Richard WILLIAMS, Chief of Police, and Police Officers
Flatoff, Kemmerer, McCoy, Lamar, Monroe,
Rosemeyer, Gerl, and others in their Capacity as
Employees of the City of Madison and City of
Madison, Defendants-Respondents-Petitioners.

Supreme Court

*No. 91–2393. Submitted on briefs September 8,
1993.—Decided October 26, 1993.*

(Also reported in 506 N.W.2d 747.)

For the defendants-respondents-petitioners there were briefs by *Bradley D. Armstrong, Edith F. Merila, Beverly A. Seagraves* and *Axley Brynelson,* Madison.

For the plaintiff-appellant there was a brief by *Reesa Evans,* Madison.

DAY, J.   This is a review of an unpublished decision of the court of appeals reversing a decision of the circuit court for Dane County, Honorable Richard J. Callaway, Judge, which had held that an action subject to a three-year statute of limitation was barred if brought on the third-year anniversary date of the accrual of that action. We affirm the court of appeals.

The only question considered on this review is whether sec. 990.001(4)(a) and (d), Stats.,[1] applies to

---

[1] Section 990.001(4)(a) and (d), Stats., (1991–1992) provides:

statutes of limitation for purposes of computing the period of limitation. Specifically, the question is whether the day upon which a cause of action accrues,[2] is included in computing the period of limitation. Since a question of statutory interpretation is a question of law, we review such questions without deference to the decisions of the trial or appellate courts. *State v. Walworth County Circuit Court,* 167 Wis. 2d 719, 723, 482 N.W.2d 899 (1992); *Marriage of Long v. Long,* 127 Wis. 2d 521, 526, 381 N.W.2d 350 (1986). We hold that sec. 990.001(4)(a) and (d), Stats., does apply to statutes of limitation time computations, absent a specific statutory directive to the contrary.[3] The day the cause of action accrues is not to be included in computing the time period for statute of limitation purposes.

---

**Construction of laws; rules for . . . . (4)** TIME, HOW COMPUTED.

(a) The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded . . ..

(d) Regardless of whether the time limited in any statute for the taking of any proceeding or the doing of an act is measured from an event or from the date or day on which such event occurs, the day on which such event took place shall be excluded in the computation of such time.

[2] Section 893.04, Stats., (1991–92) provides:

**Computation of period within which action may be commenced.** Unless otherwise specifically prescribed by law, a period of limitation within which an action may be commenced is computed from the time that the cause of action accrues until the action is commenced.

[3] Section 990.001, Stats., states that, "the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature."

Plaintiff-appellant, Nancy Pufahl (hereinafter Pufahl), alleges in her amended complaint that on May 1, 1988, while driving home, "a police car pulled along side her vehicle . . . . When Pufahl stopped and asked the Madison police to help her, she was instead removed from her car and physically assaulted . . . verbally assaulted and terrified. She was forcibly removed from the scene, in restraints, and imprisoned in the squad car. She was then taken to detention and spent until May 2, 1988, according to Dane County Jail records, in imprisonment." Subsequently, Pufahl brought suit against David Couper,[4] Chief of Police of the City of Madison Police Department, certain Madison police officers, and the City of Madison (hereinafter Williams) as a result of this arrest and detention. However, Pufahl did not commence her action until May 1, 1991, the third-year anniversary date of her arrest.

Assuming the cause of action accrued on May 1, 1988, and assuming the application of a three-year statute of limitations, under sec. 893.54, Stats.,[5] we conclude that the filing of an action on May 1, 1991 was timely.

The trial court held that sec. 990.001(4), Stats., did not apply and dismissed Pufahl's action as untimely. The court of appeals, applying sec. 990.001(4), Stats.,

---

[4] Pursuant to sec. 803.10(4)(a), Stats. (1991–1992), Richard Williams, the present Chief of Police of the City of Madison Police Department, was substituted by the Clerk of this court for the former Chief of Police, David Couper, in this action.

[5] Section 893.54, Stats. (1991–92), provides in part:

**Injury to the person.** The following actions shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person. . . .

reversed. We affirm the court of appeals. Since this issue is dispositive and settles the matter, we do not reach the other issues raised by Pufahl in her brief to this court.[6]

Williams cites *Siebert v. Jacob Dudenhoefer Co.,* 178 Wis. 191, 194, 188 N.W. 610 (1922) which stated that, "where the time is to be computed from a certain date, that in the computation the day of the date is to be excluded, and where the computation is from a certain event the date of that event must be included."[7] *Siebert,* however, may no longer be considered controlling on this point. This court quite clearly distinguished and limited the *Siebert* decision in *Hale v. Hale,* 275 Wis. 369, 82 N.W.2d 305 (1957). In *Hale,* the first substantive decision concerning sec. 990.001(4)(a) and (d), Stats., since the enactment of that chapter in 1951 and the 1955 amendments, this court held that a complaint served on December 9, 1955 for an accident which occurred on December 9, 1953 was still timely under a two-year limitations period for filing a notice or in lieu

---

[6] Pufahl also reargued those issues which were submitted to, but not reached by, the court of appeals, including her argument that this action should be handled as a "continuing tort," accruing only upon her release from incarceration on May 2, 1988, or that her incarceration should toll the statute of limitation as "disability" during "imprisonment" under sec. 893.16, Stats. (1991–92). Petitioners responded with a motion to strike. This court ordered the motion to strike held in abeyance pending resolution of the sec. 990.001, Stats., issue on the merits. Since we affirm the court of appeals, it is not necessary to reach the other issues. The motion to strike is denied.

[7] Williams also cites as supporting this proposition James D. Ghiardi, *Computing Time in Tort Statutes of Limitation,* 64 MARQ. L. REV. 575 (1981); and, James D. Ghiardi, *Computing Time in Statutes of Limitation,* WISCONSIN LAWYER, Vol. 66, No. 3, March 1993.

thereof a complaint pursuant to the then governing statute.[8] In doing so, the *Hale* court explicitly rejected the holding and rationale of *Siebert* as follows:

> "*[Siebert]* was decided prior to the adoption by the legislature of any statute for computing time expressed in years. . . . *Siebert v. Jacob Dudenhoefer Co., supra,* is no longer of any value as a precedent on the issue of how to compute the two-year period prescribed by sec. 330.19(5), Stats." *Hale,* 275 Wis. 2d at 371.

This point was emphasized again in *Cuisinier v. Sattler,* 88 Wis. 2d 654, 655–657, 277 N.W.2d 776 (1979). This court stated unequivocally that, "[t]he relevance of sec. 990.001, Stats., and its subsections to computations of periods of limitation was settled in *Hale v. Hale,* 275 Wis. 369, 82 N.W.2d 305 (1957). Subsecs. (a) and (d) of sec. 990.001(4) were the focus of this court's attention in *Hale* . . . . *Hale* squarely held that the provisions of sec. 990.001, Stats., expressed the legislative intent with respect to how a period of limitations was to be computed." Accordingly, in *Cuisinier* it was determined that the last day on which the plaintiff could have filed her action to comply with the statute of

---

[8] Section 330.19(5), Stats. (1953) provided in part:

"An action to recover damages for an injury to property, real or personal, or for an injury to the person. . . . No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served. . . . When an action shall be brought and a complaint actually served within 2 years after the happening of the event causing such damages, the notice herein provided for need not be served."

limitations would have been July 5, 1976, the third anniversary of the injury's occurrence.[9]

Finally, the statutory changes since *Siebert*, contained in sec. 990.001(4)(d), Stats., quite explicitly discard any differential treatment between dates and events in computing periods of limitation. The legislature likewise rejected this distinction in other time computation sections of the statutes. *See, e.g.,* sec. 801.15(1)(b), Stats.[10]

The same analysis which confines *Siebert* would apply to distinguish the other cases cited by petitioners, *e.g. North Shore M. Co. v. Frank W. Blodgett, Inc.,* 213 Wis. 70, 250 N.W. 841 (1933) and *Terbush v. Boyle,* 217 Wis. 636, 259 N.W. 859 (1935), which came after *Siebert,* but before *Hale* and the statutory changes which necessitated the *Hale* decision.

Williams' next argument centers upon sec. 893.04, Stats., which concerns the accrual date for period of limitations computations. Section 893.04, Stats., directs that the statute of limitation for a given action be computed from the time that cause of action "accrues." Williams argues both that Pufahl's cause of action accrued on May 1, 1988, when Pufahl was

---

[9] The actual filing date allowable in *Cuisinier* was extended from July 5 to July 6, 1976 because of sec. 990.001(4)(b), Stats., which provides that, "[i]f the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day."

[10] Section 801.15(1)(b), Stats. (1991–1992), provides in part:

**Time.** (1) . . . (b)  Notwithstanding ss. 985.09 and 990.001(4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. . . .

111

arrested, and that sec. 893.04, Stats., requires the accrual date to be included for time computation purposes. The statutory interpretation question we address, therefore, is assuming Pufahl's cause of action accrued on May 1, 1988, would the accrual date itself be included for time computation purposes.

■

Williams insists that "[b]ecause sec. 893.04 expressly states that the date of accrual triggers the running of the statute of limitations in any given case, the date of accrual must be included as the first day in calculating this time period." However, sec. 893.04, Stats., does not address time computation. It says nothing about when or how accrual is to be determined, and it says nothing about whether the first day is computed or not. In the overall statutory scheme, the purpose of sec. 893.04, Stats., is merely to identify that point at which one is entitled to *begin* time computation. Directives as to when a specific cause of action accrues are left to other statutes.[11] We must conclude, therefore, that sec. 893.04, Stats., does not command that the accrual date itself be included for time computation purposes.

---

[11] The caselaw provides the general rule that "[a] cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it." *Barry v. Minahan,* 127 Wis. 570, 573, 107 N.W. 488 (1906), quoted with approval in *Holifield v. Setco Industries, Inc.,* 42 Wis. 2d 750, 754, 168 N.W.2d 177 (1969) (citations omitted). This general rule, however, does not specify when or how a particular cause of action becomes capable of enforcement. Thus, whether the action accrues on May 1, 1988 or whether the first day is included or not is a determination beyond the scope of sec. 893.04, Stats.

■ Williams points out that sec. 990.001(4)(a) and (d), Stats., does not expressly refer to statutes of limitation. More importantly, as Pufahl points out, "[n]othing in either Chapter 990 or Chapter 893 indicates, in any manner whatsoever, that the legislature intended to exempt Chapter 893 from the general rules of statutory construction." We hold that sec. 990.001(4), Stats., does apply to statutes of limitation, absent some specific statutory directive to the contrary. The court of appeals in the case before us analyzed the statutes as follows:

> Section 893.04 establishes the accrual date as 'the time that the cause of action accrues. . . .' The accrual date is the first day. Sections 990.001(4)(a) and (d) Stats., direct us to exclude the first day. Section 893.04 does not require us to include the first day in the computation.

We agree.

■ Finally, Williams argues that the word "within" in sec. 893.54, Stats., implicitly excludes the anniversary date. "Within" three years, he suggests, equals "inside" three years which equals "before" three years, thereby excluding the anniversary date. We hold that "within," under sec. 990.001, Stats., of necessity, includes the anniversary date as well when the statute excludes the first day in time computation.

*By the Court.*—The decision of the court of appeals is affirmed and the cause remanded for further proceedings not inconsistent with this opinion.