McKinney, Appellant, vs. Chicago & Northwestern Railway Company, Respondent.

*February 27 — March 16, 1894.*

*Railroads: Injury to person at highway crossing: Contributory negligence: Failure to look.*

Plaintiff, an aged man, blind of one eye and dull of hearing, was driving in a covered buggy with side curtains. As he approached a railway crossing with which he was familiar, he saw two trains pass in the same direction. He waited for the second train to pass and then, without looking for others, drove upon the track, where he was struck and injured by a third train which was following closely after the second, and which he might have seen had he looked. *Held*, that he was guilty of negligence precluding a recovery. Winslow, J., dissents on the ground that the question of negligence was one for the jury.

APPEAL from the Circuit Court for *Kenosha* County.

Action for personal injury at a railroad crossing. On November 28, 1892, the plaintiff started from his home to drive to the city of Kenosha, four miles away. It was a

cold, windy day. He rode in a covered buggy, with side curtains on. He was about eighty years old. He was blind of one eye, and his hearing was dull. He had lived in the neighborhood for many years, and was entirely familiar with the situation. He drove a steady horse, that was not afraid of cars. His road was one of the principal thoroughfares leading to the city from the south. At a point in the route the highway crossed the railroad at an acute angle, so that a train approaching from the south would be behind and a little to the right of him. When he was approaching this crossing he saw a gravel train also approaching from the south. He drove on. When he was near the crossing he heard a second train — a freight train — approaching, also from the south. He waited until this second train had passed. Then, without looking or listening for other trains, he drove upon the railroad track, was struck by the engine of another train approaching from the south, and was injured. He testified: "When the second train was past, I didn't look around at all. I didn't hear it at all. I had seen that second train, and the road was open, and I put through. I didn't pay any further attention. I seen the road open for me, and I put right on." There was no obstruction to prevent a view of the coming trains.

The circuit court rendered judgment of nonsuit, from which the plaintiff appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *J. V. Quarles.* They contended that the question of plaintiff's negligence, under the peculiar circumstances of the case, was for the jury. *French v. T. B. R. Co.* 116 Mass. 540; *Bonnell v. D., L. & W. R. Co.* 39 N. J. Law, 191, 192; *New Jersey R. & T. Co. ads. West,* 32 id. 91; *Bower v. C., M. & St. P. R. Co.* 61 Wis. 461; *Greany v. L. I. R. Co.* 101 N. Y. 426; *Brown v. N. Y. C. R. Co.* 32 id. 601; *Butler v. M. & St. P. R. Co.* 28 Wis.

499–503; *Ferguson v. W. C. R. Co.* 63 id. 152; *Duane v. C. & N. W. R. Co.* 72 id. 527; *Winstanley v. C., M. & St. P. R. Co.* id. 378, 386; *Abbot v. Dwinnell,* 74 id. 525; *Valin v. M. & N. R. Co.* 82 id. 1, 14; *Ward v. C., St. P., M. & O. R. Co.* 85 id. 601; *Hahn v. C., M. & St. P. R. Co.* 78 id. 401.

For the respondent the cause was submitted on the brief of *Winkler, Flanders, Smith, Bottum & Vilas.* To the point that a person must use his senses to the extent of his opportunity, before crossing a railroad track, they cited *Schmolze v. C., M. & St. P. R. Co.* 83 Wis. 664; *Hansen v. C., M. & St. P. R. Co.* id. 631; *Brown v. M. & St. P. R. Co.* 22 Minn. 165; *Marty v. C., St. P., M. & O. R. Co.* 38 id. 108; *Abbett v. C., M. & St. P. R. Co.* 30 id. 482; *Durbin v. O. R. & N. Co.* 32 Am. & Eng. R. Cas. 149; *Woodard v. N. Y., L. E. & W. R. Co.* 106 N. Y. 369.

NEWMAN, J.    If the plaintiff had looked in the direction of the coming train he would have seen it coming and would have avoided injury.    The rule of the law is well settled. It needs no citations.    One who is about to cross a railroad track is bound to be alert with his senses.    The track itself is a danger signal.    He must both look and listen.    If by looking he could see the approaching train in time to avoid a collision, he is without remedy if he permits it to strike him.

There is nothing in the circumstances of this case so peculiar as to make it an exception to the rule.    The plaintiff was old and dull of hearing, it is true.    He had but one eye.    It does not appear but that one was a fairly good eye.    He knew his own infirmities and limitations.    These should have suggested to him a more vigilant exercise of such faculties as he did have, rather than a relaxation of vigilance.    He knew also the situation and the dangers. He had seen the first train pass, followed closely by the

second.   Had he looked, he would have seen the third fol-
lowing closely after the second.   To look behind, cumbered
as he was in his carriage, would subject him to some trifling
inconvenience.   But that trifling inconvenience was the
price of his safety. · To look was to be saved.

*By the Court.*— The judgment of the circuit court is af-
firmed.

WINSLOW, J.   I think the question whether the plaintiff
was guilty of negligence in not looking up the track for
the third train after having watched and waited for the
first two trains, should have been submitted to the jury.
The evidence tended to show that the second and third
trains were only about an ordinary train length apart and
running at ordinary speed.   This was a very unusual
method of running trains, and in violation of a rule of the
company which was offered in evidence.   The case is not
in legal effect different from the case of *Ward v. C., St. P.,
M. & O. R. Co.* 85 Wis. 601.   In that case a traveler
watched and waited for a freight train to cross the high-
way, and then drove on the track without looking and was
struck by a detached car which was following the freight
train at a little distance.   It was held that under the cir-
cumstances he was not bound to look in the direction of
the detached car, because his attention was diverted by the
first train.   I can see no solid ground of distinction be-
tween the two cases.