GOODRICH, Appellant, vs. CHIPPEWA VALLEY ELECTRIC RAILROAD COMPANY, Respondent.

*November 17 — December 7, 1900.*

*Street railways: Injury to motorman at railway crossing: Contributory negligence.*

A motorman employed by a street railway company was directed by the company to run his car across the track of a steam railway without stopping, and assured that no accident was liable to occur thereby. He did not know that the steam-railway track was frequently used, and in crossing it without looking or listening was run into and injured by the cars thereon. In an action against the street railway company it is *held* that he was guilty of contributory negligence precluding a recovery.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge.  *Affirmed.*

This is an action to recover damages for personal injuries. The complaint alleges, in substance, the corporate character of the defendant, and the fact that it was engaged in operating an electric street railroad in the city of Eau Claire upon a highway of said city called Price street, crossing at right angles another street called Mill street, upon which last-named street there is situated a railroad track owned by the Chicago, Milwaukee & St. Paul Railway Company, over which trains and cars propelled by steam engines were operated; that the fact that said steam-railway track was frequently used by engines and trains was well known to the defendant company, but not known to the plaintiff until after the accident complained of; that the plaintiff was employed prior to February 17, 1899, by the defendant as its servant in the active operation of its railroad, and that prior to the happening of the accident he was required by the defendant to act as a motorman on one of its cars, and to operate said car upon Price street over and across said crossing, and at the time of the said accident was so engaged; that before the happening of said accident it was the duty of the defendant to allow and permit the plaintiff to stop his said car before attempting to cross said steam-railroad track, and to allow the plaintiff to stop and look and listen for the approach of trains and engines on said track before crossing the same, and to supply said car with suitable and adequate brakes, and to keep and maintain its railroad track in proper condition and repair, so that said car might be safely operated over the same; that on the 17th day of February, 1899, and prior thereto, the defendant knowingly and negligently neglected to perform its duties to said plaintiff in the following particulars: (1) that it refused to permit the plaintiff to stop his said car before attempting to cross said steam-railway track, and permit him to stop and look and listen for

the approach of trains thereon, or to warn him that trains were liable to be run thereon, but rather made and directed him to run said car across said track without stopping, and without opportunity to look and listen for the approach of trains, and assured him that engines and trains were not so operated on said track that a collision between his car and such trains was liable to occur; (2) that it negligently omitted to equip said car with adequate and sufficient brakes with which it could be stopped within a reasonable time, so as to render the operation of said car reasonably safe; (3) that it negligently failed to construct and maintain its railroad track at said crossing in a reasonably safe condition, in that it constructed its said track below the surface of the street to such an extent that ice naturally accumulated on said track, so that the wheels of cars passing over the same would naturally slip to such an extent that the car could not be controlled by the motorman in charge thereof.

The complaint further alleged that on the 17th day of February, 1899, the plaintiff, as the servant and employee of the defendant, was operating one of the defendant's cars upon said Price street, and attempting to cross said steam-railway track as required by the defendant, and that while so attempting three of the cars of the Chicago, Milwaukee & St. Paul Railway Company, propelled by one of its engines, were being run over its steam-railway track across said Price street, and that the plaintiff was unaware of the coming of said cars, and did not know that the same were about to pass over said Price street; that when the plaintiff's car was in the act of crossing the said steam-railway track the said cars of the said Chicago, Milwaukee & St. Paul Railway Company ran violently against said car, throwing the same from the track, and seriously injured the plaintiff, and incapacitated him from labor for a long time, and compelled him to expend large sums for medical and surgical attendance; that at the time of said accident the plaintiff,

Goodrich vs. Chippewa Valley Electric R. Co.

as defendant well knew, was unaware of the inadequacy of the brakes on said car and of the defective and dangerous condition of the defendant's track, and did not know that any train was liable to be run over the track of said steam-railway company without notice or warning of its approach; and that the plaintiff, at the time of said accident, was exercising due care, and that said accident was wholly caused by the negligence of the defendant, as hereinbefore set forth, and by its refusal to permit the plaintiff to stop said car before attempting to cross said railroad track, and to look and listen for the approach of trains thereon, and by the inadequate, dangerous, and defective condition of the brakes on said car and of its said car track, as hereinbefore set forth. Judgment for damages in the sum of $5,000 was demanded.

A general demurrer to this complaint was sustained, and the plaintiff appeals.

*V. W. James*, for the appellant.

For the respondent there was a brief by *Frawley, Bundy & Wilcox*, and oral argument by *R. P. Wilcox*.

WINSLOW, J. It appears by the complaint that the plaintiff was a motorman on one of defendant's street cars (presumably an adult in full possession of his faculties); that he was directed by the defendant to run his car across the track of a steam-railway company without stopping, and assured that no accident was liable to occur thereby; that he did as directed, and was run into by cars being operated on the steam-railway track. There is no allegation that the steam-railway track was apparently unused, but it is alleged that the plaintiff did not know that it was frequently used. Upon these facts it is quite plain that the plaintiff cannot recover. The steam-railway track must have been in plain sight. It was itself a danger signal. *McKinney v. C. & N. W. R. Co.* 87 Wis. 282. It is just as much a signal of danger to the motorman of a street car as to the ordinary traveler. In crossing it without look-

Bolin vs. Chicago, St. Paul, Minneapolis & Omaha R. Co.

ing or listening,— as it must be necessarily inferred that he did from the statements of the complaint,— the plaintiff was plainly guilty of contributory negligence. The fact that he was ordered to cross without stopping, and assured that there was no liability of accident, is no excuse to an employee of full age and capacity, who can appreciate the danger as fully as his employer. *Showalter v. Fairbanks, M. & Co.* 88 Wis. 376.

It is true that the complaint alleges that the brakes were defective and the track improperly constructed, but neither of these facts appears by the complaint to have caused or contributed to the happening of the accident.

*By the Court.*— Order affirmed.