BAROWSKI, Respondent, vs. SCHULZ, Executor, and another, Appellants.

*December 2 — December 17, 1901.*

*Negligence: Personal injuries: Unguarded hatchway: Master and servant.*

1. While plaintiff was on defendant's premises at their request for the purpose of making repairs on the roof, he was injured by falling through an open, unguarded hatchway in dangerous proximity to the regular passageway in which he was walking. Neither the hatchway nor the passageway was sufficiently lighted. All such facts were known to defendants and unknown to plaintiff. *Held,* that defendants were liable for the injuries.

2. An allegation that plaintiff was lawfully, and at the special instance and request of defendants, upon premises and in a building belonging to them for the purpose of doing certain work upon the roof, does not show that plaintiff was in the employ of defendants.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Van Wyck & Groth,* and oral argument by *Howard Van Wyck.*

For the respondent there was a brief by *Bohmrich & Maher,* and oral argument by *L. G. Bohmrich.*

CASSODAY, C. J.    This is an action to recover damages for personal injuries sustained by the plaintiff while in the building of the defendants. The defendants demurred on the

ground that the complaint did not state facts sufficient to constitute a cause of action. This is an appeal from the order overruling such demurrer.

The complaint is to the effect that August 18, 1899, the defendants were copartners in business and the owners and in possession of the building and premises described, wherein they carried on the business of manufacturing paper boxes; that on that day the plaintiff was lawfully, and at the special instance and request of the defendants, upon the premises and in the building for the purpose of doing certain tinsmith work and to assist in such work upon the roof of the defendants' building aforesaid; that upon the lower floor of the building the defendants negligently kept and maintained an open, unguarded hatchway, through which an elevator platform was used to move up and down, and immediately north of said open hatchway was the regular and established passageway for persons coming from the upper stories of the building and passing out of the same and through a certain west entrance thereof; that the open, unguarded hatchway in close proximity to the passageway was insufficiently lighted, and the location thereof dangerous, all of which was well known to the defendants; that the plaintiff, on that day, and while in the discharge of his duties, and while coming from the upper stories of the building, and while walking toward the west entrance thereof, the said lower floor and the hatchway not being guarded, but insufficiently lighted and negligently left unguarded and open by the defendants, their agents, servants, and employees, and without any fault on the part of the plaintiff, he not being aware of any danger, nor anything of danger being apparent, nor anything of warning being apparent or sounded, and the plaintiff being unconscious of any danger, then and there stepped into the open space of the hatchway, and was thrown down into the basement of the building with great force, and was then and there severely injured and damaged; that

through such negligence of the defendants, their agents, servants, and employees, the plaintiff suffered permanent injuries by having his left upper leg broken and fractured, cut, mangled, etc.

In respect to public highways the rule has long been settled in this state that:

"To render a town liable for injury by reason of a defective highway, the object or defect causing the injury need not be within the traveled track, provided it is so connected with the traveled track as to render the same unsafe and inconvenient to those traveling thereon." *Slivitski v. Wien*, 93 Wis. 460, 462, and cases there cited; *Boltz v. Sullivan*, 101 Wis. 608; *Carpenter v. Rolling*, 107 Wis. 563.

In one of the cases cited by counsel for the defendants the same principle was applied to facts more in harmony with those alleged in the case at bar, and adjudications are there cited in support of the same. *Peake v. Buell*, 90 Wis. 514, citing *Beck v. Carter*, 68 N. Y. 283; *Elliott v. Pray*, 10 Allen, 378; *Parker v. Portland P. Co.* 69 Me. 173. In the New York case cited it was held that:

"Where the owner of land expressly or by implication invites others to come upon his land, if he permits anything in the nature of a snare to exist thereon, which results in injury to one availing himself of the invitation and who at the time is exercising ordinary care, such owner is answerable for the consequences."

In the Massachusetts case cited the same rule was applied to a case where there was a trapdoor negligently left open on the way leading to a stairway. So it was applied in the case cited from Maine, where the door leading from a dark room into an elevator shaft had been left open after business hours, and it was held, in effect, that the defendants were bound to use ordinary care in keeping the premises and the usual passageway to them safe for the access of all persons exercising ordinary care in coming to them at seasonable hours by their invitation, express or implied, or for any purpose beneficial to them.

In the case at bar the plaintiff was in the building at the special instance and request of the defendants, and for the purpose of repairing their building. The hatchway into which the plaintiff fell was in close proximity to the regular and established passageway in which he was walking at the time of the accident. Neither the hatchway nor the passageway was sufficiently lighted, and the hatchway was negligently left unguarded and open, and so located as to be dangerous to persons walking in the passageway. All such facts were, at the time, known to the defendants and unknown to the plaintiff.

Counsel for the defendants claim that it appears from the complaint that the plaintiff was at the time in the employ of the defendants. The complaint does not so allege. If that were so, then, as suggested by counsel for the plaintiff on the argument, sec. 1636*j*, Stats. 1898, may be applicable. But upon the state of the record we do not feel called upon to determine the question here. We must hold that the complaint states facts sufficient to constitute a cause of action.

*By the Court.*— The order of the circuit court is affirmed.