NALEPINSKI, Appellant, vs. DURNER and others, Respondents.

*October 8—November 6, 1951.*

584

For the appellant there was a brief by *Roman H. Papka,* attorney, and *Ray T. McCann* of counsel, both of Milwaukee, and oral argument by *Mr. Papka.*

For the respondents there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *F. H. Prosser* and *John F. Zimmermann* of counsel, all of Milwaukee, and oral argument by *Mr. Zimmermann.*

MARTIN, J.    The accident occurred in a driveway between the residences of the defendant Gloria Durner and of L. D. Schiff in the city of Milwaukee. The driveway between the houses extends north from the street; the garage from which the defendant Gloria Durner backed her automobile immediately prior to the accident is located at the rear of the Durner residence and its doors face east.

Plaintiff was standing upon a ladder against the west wall of the Schiff residence when Gloria Durner backed into the driveway in an easterly direction and struck the ladder, causing plaintiff to fall.

Paragraph 11 of the complaint states:

"That the defendant, Gloria Durner, was careless and negligent in the operation of said automobile at the time of the injuries sustained by the plaintiff and above referred to in that the defendant failed to keep a proper lookout in backing said automobile from said garage and also failed to keep the said automobile under proper control at the time above referred to; that said defendant failed to use ordinary care and observe the rules of the road, as provided for by the applicable statutes of the state of Wisconsin, ordinances of the city of Milwaukee and state of Wisconsin."

Paragraph 3 of defendants' answer states:

"Admit that the defendant, Gloria Durner, backed the individual defendant's automobile out of the individual defendant's garage and that in so doing said automobile came in contact with the ladder upon which the plaintiff was standing, and that by reason thereof the plaintiff was caused to fall to the ground, but deny that said collision proximately resulted from any fault, negligence, or omission of the individual defendants; allege that said collision occurred on the

private property of said individual defendants and that the plaintiff so placed said ladder as to cause the same to trespass upon the individual defendants' premises without the knowledge, permission, or consent of said defendants, and that the plaintiff thereby negligently and unlawfully trespassed upon the individual defendants' premises and placed himself in a known position of danger without first taking any precautions for his own safety and without notifying the individual defendants of his intention so to do and in that he negligently and unlawfully interfered with the individual defendants' right to use their own private driveway and premises."

Paragraph 7 of the answer:

"Allege that the sole proximate cause of the plaintiff's injuries and damages was the negligence and want of ordinary care on the part of the plaintiff himself, which negligence is more particularly hereinabove alleged and defendants further allege that said plaintiff at said time and place was a trespasser upon said individual defendants' private property without knowledge or consent of said defendants and that said injuries and damages resulted directly and proximately from said trespass."

This case is here on appeal from the order overruling plaintiff's demurrer to defendant's defense of trespass. The question presented, therefore, is whether paragraphs 3 and 7 of the answer state facts sufficient to constitute a defense to plaintiff's cause of action.

The general rule with respect to trespassers is that no duty exists toward a trespasser except to refrain from wilfully or wantonly injuring him. *Frederick v. Great Northern R. Co.* (1932), 207 Wis. 234, 240 N. W. 387, 241 N. W. 363.

". . . it is a well-settled rule that . . . the owner of the premises owes him no duty other than that of refraining from wilfully injuring him, or of taking steps to protect him if his danger is discovered. Being a trespasser, he enters at his own peril, and the owner is under no duty to anticipate the entry and provide against his injury. . . . The observance of due care by an owner or occupant of premises toward a

trespasser requires no affirmative conduct to render the premises safe, but only that he shall refrain from injuring the trespasser unnecessarily by wilful, wanton, or reckless conduct, and shall use reasonable care not to injure him by any affirmative act or force set in motion upon the premises after he has become or reasonably should have become aware of the presence of the trespasser." 38 Am. Jur., Negligence, p. 772, sec. 109.

" 'It has long been the established law of this state that a person owes no duty to a trespasser except that of refraining from wilful and intentional injury;' citing *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223; *Schug v. Chicago, M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090; *Bonniwell v. Milwaukee L., H. & T. Co.* 174 Wis. 1, 182 N. W. 468." *Hartman v. Badger Tobacco Co.* (1933), 210 Wis. 519, 521, 246 N. W. 577.

Appellant cites *Zartner v. George* (1914), 156 Wis. 131, 137, 145 N. W. 971, as the leading Wisconsin authority on the subject of liability to trespassers. After discussing the conflict in other jurisdictions, the court said:

"We deem the better rule to be that liability for injury to trespassers on private property should be limited to cases where the act complained of partakes of the nature of gross negligence, obviously endangering the safety of others, or to active negligence committed at the time of injury. Mere failure to exercise ordinary care for the safety of trespassers is not enough. The owner of private premises owes no such duty to them. He may safely, so far as they are concerned, engage in any lawful ordinary work thereon and conduct it in a customary manner without incurring liability, even though some danger to them may reasonably be anticipated from the condition of the premises created by so conducting his work."

Judgment on a directed verdict for the defendants was there affirmed.

Appellant cites many authorities which, upon careful examination, prove to be what is termed "attractive nuisance" cases. They cannot support his contentions here.

It is our opinion that the defense of trespass alleged in defendants' answer states a valid defense, and that the demurrer was properly overruled.

*By the Court.*—Order affirmed.