Charles B. PETERS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Jessie M. PETERS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 5935, 5936.

United States District Court,
W. D. Oklahoma.

June 2, 1954.

582

Remington Rogers, Tulsa, Okl., for plaintiffs.

Leonard L. Ralston, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

The question is whether plaintiffs' claims for tax refunds for the calendar year 1947 were timely filed. The last day of a three year period allowed by statute for filing of the refund claims fell on Sunday, July 15, 1951. Title 26 U.S.C.A. § 322(b) (1).

Neither the Tulsa nor the Oklahoma City office of the Collector of Internal Revenue was open on Saturday, July 14, 1951. Claims for refunds were placed in the United States mails in Tulsa, Oklahoma for first class mailing on Saturday, July 14, 1951. The evidence shows that in the normal course of the mails claims so mailed would have been deposited in the United States Post Office box of the Collector in Oklahoma City on Sunday, July 15, 1951, and found by the Collector in his morning mail on Monday, July 16, 1951.

Mr. Justice Douglas in Union National Bank of Wichita, Kansas v. Lamb, 1949, 337 U.S. 38, 69 S.Ct. 911, 912, 93 L.Ed. 1190 said:

"There is a contrariety of views whether an act which by statute is required to be done within a stated period may be done a day later when the last day of the period falls on Sunday. Thus Street v. United States, 133 U.S. 299, 10 S.Ct. 309, 33 L.Ed. 631, treating Sunday as a dies non under a statute which authorized the President to transfer army officers from active duty and to fill vacancies in the active list on or before January 1, 1871, allowed the action to be taken on the following day. We think the policy of that decision is applicable to 28 U.S.C. [1948 Ed.] § 2101(c), 28 U.S.C.A. § 2101(c). Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. [1948 Ed.] § 2101(c), 28 U.S.C.A. § 2101(c). The appeal therefore did not fail for lack of timeliness."

See also Wilkes v. U. S., 5 Cir., 1951, 192 F.2d 128.

For the same reasons it is concluded that plaintiffs' claims for refund were timely filed.

Judgment is entered for plaintiffs in the amount of $2,872.76 with interest at 6% from the date of the filing of their returns, July 15, 1948, and for their costs in this action.