CORDULA and another, Appellants, v. DIETRICH, Respondent.

*January 4—February 2, 1960.*

For the appellants there was a brief by *Blakely, Long, Grutzner & Jaeckle* and *J. R. Long,* all of Beloit, and oral argument by *George K. Blakely.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Louis D. Gage, Jr.,* all of Janesville.

MARTIN, C. J.  Mrs. Cordula was over seventy years old at the time of the accident, June 29, 1957; she resided in the city of Beloit.  Defendant George Dietrich was her son-in-law, residing in the town of Beloit, Rock county.  On the day in question, plaintiffs having been invited to dinner at the defendant's home, Mrs. Cordula, it is alleged in the complaint, tripped and fell over a garden hose left by defendant across a walk leading to the house.

The parties agree with the trial court that at the time of the accident Mrs. Cordula, as a social guest of the defendant, occupied the legal status of a licensee.  The rule to be applied is stated in Prosser, Law of Torts (2d ed.), p. 447, sec. 77, as follows:

"Thus all of the decisions are agreed that a social guest, however cordially he may have been invited and urged to come, is not in law an invitee, but is nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit. The reason usually given is that the guest understands when he comes that he is to be placed on the same footing as one of the family, and must take the premises as the occupier

himself uses them, without any preparation for his safety; . . ."

Exceptions to the rule are that the host may be held liable for his active negligence or for permitting something in the nature of a trap to exist on his premises. As stated in *Greenfield v. Miller* (1921), 173 Wis. 184, 188, 180 N. W. 834:

". . . the legal distinction between implied invitor and invitee and a mere licensor and licensee is quite well marked in the decisions, the general rule being that there is no liability on the part of the licensor for injury sustained by those coming on his premises as mere licensees, unless there is something on the premises in the nature of a trap which fact proximately caused the injury, or the licensor was guilty of active negligence."

In that case the plaintiff was injured when she slipped on a small rug placed on the highly polished floor of a corridor in defendant's home. The court held defendant had no duty to make the premises more safe than the plaintiff had found them since the rule of ordinary care does not apply where the relation is that of licensor and licensee.

We see no more active negligence on the part of the respondent in placing the garden hose across his sidewalk than there was in the placing of a small rug on a slippery floor. Nor can it be said that the hose constituted a trap. The day in question was a Saturday afternoon in July and respondent was obviously engaged in doing ordinary chores about the yard. One might very well expect to encounter a hose across a sidewalk under such circumstances. In any event, even if it be considered a danger, respondent would have no duty to give warning of a condition which should be obvious to the licensee. See Prosser, Law of Torts (2d ed.), p. 445, sec. 77.

Appellants argue that respondent owed Mrs. Cordula a greater degree of care because she was old, had suffered a stroke, walked with a shuffling gait, and was afflicted with "barrel" or "tunnel" vision, and that these infirmities were known to the respondent. While these "infirmities" of Mrs. Cordula appear nowhere in the record, the trial court mentions them in its decision. Taking them as a verity for purposes of this opinion, we must agree with the trial court that her duty was to exercise a degree of care for her own safety which would be commensurate with the risk involved. As pointed out in *McKinney v. Chicago & N. W. R. Co.* (1894), 87 Wis. 282, 284, 58 N. W. 386:

"The plaintiff was old and dull of hearing, it is true. He had but one eye. . . . He knew his own infirmities and limitations. These should have suggested to him a more-vigilant exercise of such faculties as he did have, rather than a relaxation of vigilance."

*By the Court.*—Judgment affirmed.