Eleanora **KEELER**, Plaintiff,

v.

Charles J. **KEELER** and Rayma Keeler, husband and wife, Defendants.

Civ. No. 4518.

United States District Court,
D. North Dakota,
Southeastern Division.

Feb. 11, 1972.

P. W. Lanier, Jr., Lanier, Knox & Olson, Fargo, N. D., for plaintiff.

Patrick A. Conmy, Conmy, Conmy, Rosenberg, Lucas & Olson, Bismarck, N. D., for defendants.

## MEMORANDUM OF DECISION

BENSON, Chief Judge.

The plaintiff is bringing this action, before the Court, for personal injuries suffered as the result of a fall while a guest in the defendants' home.

The defendants were married in February, 1964, and had resided at their present residence a little longer than one year, when the accident took place in the early morning hours of August 18, 1968. For the week prior to August 18, 1968, the plaintiff had been staying with her son and daughter-in-law, defendants in this case, and was occupying a bedroom along with her granddaughter, aged 3. Shortly before 5:00 A.M., an electrical storm awoke the plaintiff and her granddaughter. The plaintiff, in an attempt to comfort the child, took her to a window in the front room where they watched and discussed the storm. Upon returning to their bedroom and settling down, a hail storm ensued. The plaintiff, concerned about the automobiles and her granddaughter's fear, arose, carried the child out of their bedroom into the hallway and to the entry to the defendants' bedroom. The plaintiff queried the defendants relative to whether or not they had heard the hail, to which an affirmative reply was received. While still carrying the child, the plaintiff started to enter the defendants' bedroom in order to view the hail storm from the window, and while attempting to turn the light switch with her elbow, felt a dog reclining as she started to step forward. In attempting to step over the dog, the plaintiff stepped on its shoulder, thereby falling to the floor and suffering what was subsequently diagnosed as a fractured right ankle. This action is before the Court pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds Ten Thousand Dollars ($10,000.00), and the plaintiff resides in Minnesota and the defendants are residents of North Dakota.

Prior to the defendants' marriage in 1964, the defendant Charles J. Keeler, along with the dog in question, had been members of the plaintiff's household. Testimony at the Court trial established that at the time of the accident, the defendants owned two large dogs. Said dogs had unrestricted access to all the rooms in the house of which the plaintiff had knowledge. Additionally, the plaintiff was familiar with the floor plan of the defendants' house, and the location of the various light switches. Finally, the plaintiff had observed one of the dogs lying at the end of the hallway after arising the first time during the night of the accident.

The plaintiff has alleged negligence on the part of the defendants in that they failed to provide a safe place for an invited guest by allowing such dog(s) to have unrestricted access to the hallways and in the doorways of the bedrooms at night.

The defendants, in their answer, deny negligence on their part, and in the alternative that the plaintiff was contributorily negligent and assumed the risk in that she was aware of the dogs' presence in the house and moved in their vicinity in the dark.

There is no indication that the plaintiff was hired or had a duty to care for the child, thus the plaintiff may be characterized as an invited social guest in the defendants' home. Therefore, it becomes the duty of this Court to ascertain the duty owed, and subsequent liability if this duty was breached, by the defendants to the plaintiff.

The Restatement of Torts 2d. § 330 defines a social guest as follows:

"A licensee is a person who is privileged to enter or remain on land only by virtue of the possessor's consent."

■ North Dakota statutes are silent in so far as designating the status of an individual who is present upon another's property. The North Dakota Supreme Court has not been called upon to squarely face this question, but Krueger v. North American Creameries, 75 N.D. 264, 27 N.W.2d 240 (1947) did state that an occupant of a building has the duty of exercising reasonable or ordinary care to avoid accident or injuries to invitees entering such building. This case involved a so-called business invitee and the Restatement of Torts 2d. § 332, states that an invitee is either a public invitee or a business visitor. The plaintiff in the subject case does not come under either of those designations. Clearly, the plaintiff was not a trespasser, therefore the conclusion is inescapable that such plaintiff was a licensee. *See* Cordula v. Dietrich, 9 Wis.2d 211, 101 N.W.2d 126 (1960) quoting from Prosser on Torts and Meyer v. Mitchell, 248 Minn. 397, 80 N.W.2d 450 (1957) for the proposition that a social guest is not a business invitee.

The duty of care owed a licensee by the possessor of the land is specified in Section 342 of the Restatement of Torts 2d:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved."

It was established by testimony at the trial that not only was the plaintiff aware of the dogs' presence in the house generally, but on the night in question the plaintiff saw one of the dogs lying in the hallway. Decisions indicate, at least tacitly, a common understanding exists between a guest and his host that a guest is expected to take the premises as the possessor himself uses them and said guest does not expect and is not entitled to expect that such premises would be prepared for his reception or that precautions for his safety any different than the possessor takes for his own safety or his family, Restatement of Torts 2d at Page 175. However, it is not essential to the disposition of this case to determine that the plaintiff was contributorily negligent or assumed the risk. It is clear the defendants were not guilty of breaching any duty owed to the plaintiff.

■ Permitting dogs free run of the household does not constitute negligence. There is case authority for the proposition that where the defendant host and the plaintiff visitor possess equal knowledge of the presence of dogs on the premises, that the defendant is not guilty of actionable negligence, notwithstanding the fact that the plaintiff was felled by moving dogs. Hagen v. Laursen, 121 Cal.App.2d 379, 263 P.2d 489 (1953).

In Cordula v. Dietrich, supra, the defendant placed a garden hose across his sidewalk which his mother-in-law plaintiff subsequently fell over. The Court held that the hose did not constitute a trap and that the defendant was not chargeable with active negligence.

The Court finds that the defendants in this case were not guilty of any negligence which relates to the plaintiff's accident.

It is ordered that the defendants have judgment for the dismissal of the plaintiff's actions and for costs. Counsel for the defendants will prepare and submit judgment.